UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael J. Menden, | Civil No. 10cv04635 DWF/JJK |
| Plaintiff, | |
| v. | **NOTICE OF PRETRIAL CONFERENCE** |
| Interstate Credit Control, Inc., et al., | |
| Defendant. | |

      Pursuant to Rule 16(a) of the Federal Rules of Civil Procedure, a pretrial conference will be held on **February 24, 2011, at 3:30 p.m., in Courtroom 6A, Warren E. Burger Federal Building, 316 North Robert Street, St. Paul, Minnesota 55101**, before United States Magistrate Judge Jeffrey J. Keyes.

      Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel shall meet before the scheduled pretrial conference and jointly prepare and file, a complete written Report of the Rule 26(f) meeting at least **three business days** prior to the pretrial conference.  The Report shall be in the attached format.  **Please e-mail a copy in WORD format** to Magistrate Judge Keyes at keyes_chambers@ mnd.uscourts. gov.

      If any party does not have counsel of record listed in this case, it is the responsibility of counsel for Plaintiff to (1) immediately notify those parties and counsel of this conference, and (2) inform those parties and counsel of the requirements set forth in this notice.

      Failure of any party or counsel to comply with any part of this notice, including delivery of a copy of the Rule 26(f) Report to Magistrate Judge Keyes by the time specified in this notice, may result in the postponement of the pretrial conference, an imposition of an appropriate sanction on the party, company or attorney who failed to comply, or both.

      Counsel who will be trying the case should be present at the conference. If this is not possible, substitute counsel should be arranged.  Counsel should

contact Magistrate Judge Keyes' Judicial Assistant, Jackie Phipps, at 651-848-1180, with respect to any matters concerning the pretrial conference.

Dated:   February 15, 2011                    s/ *Jackie Phipps*
                                              Jacqueline E. Phipps
                                              Judicial Assistant

Attachment

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Name of Plaintiff,                                           **Civil No.** _____

      Plaintiff(s),

v.                                                                            **RULE 26(f) REPORT**

Name of Defendant,

      Defendant(s).

_____

The parties/counsel identified below participated in the meeting required by Fed.R.Civ.P. 26(f) on _____, 20___, and prepared the following report.

The pretrial conference in this matter is scheduled for _____, 20___, at _____, before United States Magistrate Judge Jeffrey J. Keyes in Courtroom 6A, United States District Court, Warren E. Burger Federal Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

**A.   DESCRIPTION OF CASE**

    (1)   Concise Factual Summary of Plaintiff's Claims;

    (2)   Concise Factual Summary of Defendant's claims/defenses;

    (3)   Statement of Jurisdiction (including statutory citations);

    (4)   Summary of Factual Stipulations or Agreements;

    (5)   Statement of whether jury trial has been timely demanded by any party;

    (6)   If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, a statement of the parties' agreement.

B.  **DISCOVERY DEADLINES AND LIMITS**

Pursuant to Fed.R.Civ.P. 26(f), the parties must prepare a discovery plan which is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed.R.Civ.P. 26(f)(3)(A)-(F) and design a discovery plan which is appropriate for the circumstances of this case. The details of the discovery plan should be set forth in the Rule 26(f) Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case. However, the parties are encouraged to reach agreement upon, and suggest to the Court, a discovery plan which takes into account the unique circumstances of the individual case. To the extent that the parties cannot reach agreement on any particular item about scheduling or discovery limitation, they should set forth their separate positions in the Rule 26(f) Report and this will be discussed at the Pretrial Conference:

1. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before _____.

2. All motions which seek to amend the pleadings or to add parties must be filed and served on or before _____.

3. Fact discovery shall be <u>commenced in time to be completed on or before</u> _____.

4. No more than a total of _____ **interrogatories**, counted in accordance with Rule 33(a), shall be served by each side. No more than _____ **document requests** and no more than _____ **requests for admissions** shall be served by each side.

5. No more than _____ depositions, excluding expert witness depositions, shall be taken by each side.

6. Non-dispositive motions and supporting documents, including those which relate to fact discovery, shall be filed and served on or before_____.

7. Each side may call up to_____ expert witnesses. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

      a.      Identities by Plaintiff on or before_____.
               Reports by Plaintiff on or before _____.

      b.      Identities by Defendant on or before _____.
               Reports by Defendant on or before _____.

8. Each side may take one deposition per expert. Expert discovery, including depositions, shall be completed by _____. All non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before _____.

9. No more than _____ Rule 35 medical examinations shall be taken on or before _____.

## C. **PROTECTIVE ORDER**

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order. The parties are encouraged, though not required, to use Form 6 to the Local Rules as a template for the proposed Protective Order, they shall present with this report any issues of disagreement. The Court shall endeavor to resolve any issues relating to the Protective Order in connection with the pretrial conference.

## D. **INSURANCE CARRIERS/INDEMNITORS**

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insure.

## E. **DISPOSITIVE MOTION SCHEDULE**

The parties recommend that dispositive motions be filed and served on or before _____. For those cases assigned to Judges Magnuson, Kyle and Schiltz, this dispositive motion deadline will be for the filing, serving and <u>hearing</u> of the motion.

## F. **TRIAL-READY DATE**

The parties agree that the case will be ready for bench/jury trial on or after _____; the expected length of trial is _____ days.

**G. SETTLEMENT**

    (1)    The parties will discuss settlement before _____, the date of the initial pretrial conference, by the plaintiff making a written demand for settlement and each defendant making a written response/offer to the plaintiff's demand.

    (2)    The parties believe that a settlement conference is appropriate and should be scheduled by the Court before _____.

    (3)    The parties have discussed whether alternative dispute resolution (ADR) will be helpful to the resolution of this case and recommend the following to the Court:

**H. TRIAL BY MAGISTRATE JUDGE**

    The parties have/have not agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).  (If the parties agree, the consent should be filed with the Rule 26(f) Report.)

DATE: _____     _____
                                                   Plaintiff's Counsel
                                                   License #
                                                   Address
                                                   Phone #

DATE: _____     _____
                                                   Defendant's Counsel
                                                 License #
                                                 Address
                                                 Phone #

# MAGISTRATE JUDGE JEFFREY J. KEYES
## Practice Pointers and Preferences

### CONTACT WITH CHAMBERS

- Magistrate Judge Keyes encourages you to contact his Judicial Assistant, Jackie Phipps, or his Law Clerks if you have questions about his practice pointers and preferences.

- Members of Magistrate Judge Keyes' chambers have been instructed not to provide answers to legal questions over the telephone. This includes procedural questions that would be governed by the Federal Rules of Civil Procedure or the Local Rules for the District of Minnesota.

- When arranging for a scheduled telephone conference with Magistrate Judge Keyes, the moving party should have all parties on the line before contacting chambers, unless a Conference Bridge call has been set up by the Court.

- When contacting the Court with a question regarding a specific case, please have the case name and number ready to provide to chambers.

- If a party has a question or needs clarification regarding an order submitted by the Court, please submit a letter via ECF or email to Magistrate Judge Keyes asking for clarification. Do not call chambers asking for clarification.

### FIRST PRETRIAL CONFERENCE

- Email a copy of the pretrial conference Rule 26(f) Reports to chambers at keyes_chambers@ mnd.uscourts.gov. <u>A hard copy of the 26(f) Report is not required</u>.

- Rule 16 conferences by teleconference are disfavored.

- In patent cases, Magistrate Judge Keyes uses a specific pretrial scheduling order. The Report shall be in the format of Form 4 Rule 26(f) Report (Patent Cases) attached to the Local Rules of the

>United States District Court, District of Minnesota.  Please submit to the Court in advance of the pretrial conference.

**STIPULATIONS AND PROPOSED ORDERS**

- Counsel should be cognizant of the electronic filing rules relating to submission of stipulations and proposed orders.  Stipulations should be filed electronically.  Proposed orders should be a separate document emailed to chambers at keyes_chambers@mnd.uscourts.gov, and should be a Microsoft WORD 2003 (.doc) format and reference docket numbers to which it relates.

- For nondispositive motions, specifically identify the relief you are seeking in your proposed order (*e.g.*, for motions to compel, identify each discovery request for which you are seeking relief and the relief sought).  Do not merely request that the motion be granted or denied.

- Counsel should remember to set forth the information required by Local Rule 16.3 when submitting stipulations to amend the scheduling order.

**TELEPHONE HEARINGS**

- Magistrate Judge Keyes will hold telephone hearings by special permission only.  If an attorney wants to have a telephone hearing on any matter, the attorney should send a short letter (no longer than two pages) via email to the Court and other counsel of record explaining why a telephone hearing should be held and suggesting a time frame.  Other counsel may promptly respond with a short letter (no longer than two pages) explaining the other party's position on the telephone hearing.  The Court will then inform the parties about whether a telephone hearing will be held and set an appropriate schedule.

**MOTION PRACTICE**

- All motions to be heard by the Court must be scheduled through Magistrate Judge Keyes' Judicial Assistant, Jackie Phipps, at **651-848-1180**.  Even if the parties to a dispute agree that a motion can be submitted on the papers, Ms. Phipps must be contacted to set the date for submission of the matter to the Court (the matter will be deemed submitted upon receipt of the last submission).

- As a general rule, Magistrate Judge Keyes schedules half-hour hearings for nondispositive motions and one-hour hearings for dispositive motions. Please inform Magistrate Judge Keyes' Judicial Assistant, Jackie Phipps (telephone 651-848-1180), **AHEAD OF TIME** if you anticipate that more time should be allowed for the motion. This is an important courtesy so that the Court, the court reporter, court security, and court staff can arrange their schedules.

- Once a motion date and time has been reserved, do not add additional motions without contacting the Judicial Assistant to make sure there is enough time scheduled for all of the motions.

- If a motion or case has been resolved, please contact chambers as soon as possible (by telephone or via email) so that any hearing on the matter resolved may be removed from the calendar. Even if a motion has only been partially resolved, please contact chambers to let the Court know what parts of the motion have been resolved.

**WRITTEN SUBMISSIONS**

- Before submitting any motion to the Court, check to make sure that you are in compliance with the Local Rules for the District of Minnesota and the case's pretrial scheduling order. For example, all motions to modify the pretrial scheduling order require compliance with Local Rule 16.3. Local Rule 37.2 requires, for all motions to compel dealing with interrogatories, document requests and requests for admission, that the discovery response and objection at issue be stated verbatim within your memorandum of law.

- Obtain leave from the Court **prior to** filing a reply brief not provided for under the Rules of Civil Procedure or Local Rules or filing a brief exceeding the word count or page limits.

- Please remember that parties are to send to chambers (via mail or hand delivery) two courtesy copies, collated and stapled, of all pleadings and motion papers (*i.e.*, briefs, motions, memoranda, responses, etc.) pursuant to the Local Rules. Please carefully index and paginate any exhibits or attachments. **The submission of both sets of such materials in three-ring notebooks and tabbed, particularly if they are voluminous, is very much appreciated by the Court.**

3

- When filing exhibits electronically, attach a separate exhibit index that explains where specific exhibits can be found in the electronic attachments.

- Do not use tiny footnotes in your briefs. They are difficult to read and suggest that the information contained in them is not very important. Judge Keyes follows the type-size conventions set forth in D. Minn. Loc R. 7.1(e).

- Magistrate Judge Keyes strictly follows the word count and format rules set forth in the Local Rules.

- When filing a motion to amend a pleading, the moving party should submit a "redlined" version of the proposed amended pleading showing the differences between the original and the proposed amendment.

- Do not refer to pleadings in your motion papers and assume that the Court has easy access to them. If another pleading is important enough to reference in your motion papers, then attach it, so that your motion is a self-contained bundle.

## **SETTLEMENT CONFERENCES**

- Read and comply with any Order for Settlement Conference issued by the Court. Among other items, this Order requires the parties to send to the Court, in advance of the conference, a confidential letter addressing several issues.

- Parties should be prepared to spend the entire day (and even the evening) at a settlement conference, if the Court deems that the parties are making progress at the conference. Therefore, attorneys and their client representatives should be prepared to change other events they have planned for the day or evening, and their travel plans, if necessary.

## **IN-COURT**

- Be prompt.

- Stand at the podium when addressing the Court and counsel, speaking directly into the microphones. Address the Court and opposing counsel with civility and formality.

4

- Direct your oral arguments to the Court, not to the Law Clerk or other court personnel.

- Magistrate Judge Keyes reads all written submissions in advance, so keep that in mind when preparing your oral argument.

- Rather than repeating the arguments stated in your submission, focus oral argument on responding to the opposing side's arguments.

- If a party submits additional case law or exhibits at oral argument, counsel must first furnish the additional case law or exhibits to opposing counsel.  Bring two additional copies of cases or any other handouts used in oral argument for the Court.

- Magistrate Judge Keyes is located in the St. Paul Courthouse, but on occasion holds hearings in Minneapolis.  Many hearings have been delayed because counsel goes to the wrong courthouse.  **Please make sure to verify the location of the hearing**.

**TRIAL**

- In jury trials, the parties must submit trial statements, exhibit lists, witness lists, deposition designations, motions in limine, proposed *voir dire* questions, and proposed jury instruction ten days before trial.  Responses to motions in limine are due three days before trial.

- Exhibits should be marked prior to trial and should correspond to the exhibit list.

- The Court expects the parties to submit a joint proposed statement of the case that can be read to the jury during *voir dire*.

- The parties are required to meet and confer in advance of trial and then jointly submit to the Court the proposed jury instructions on which they agree.

- On any jury instruction that cannot be agreed upon, which should be very few, the proposed instructions should be submitted in different colors corresponding to the different parties (i.e., Plaintiff's proposed instruction in red; Defendant's proposed instruction in blue).

- Parties must include citations with proposed jury instructions.

- The parties should consider submitting preliminary instructions that will preview the substantive legal issues in the case.

- If videotaped depositions are to be used at trial, attorneys must confer and edit the tapes to get to the heart of the matter. Any dispute over use of videotape should be raised in limine prior to trial.

# **EXPEDITED TRIALS**

Since July 2, 2001, the United States District Court for the District of Minnesota has offered a litigation alternative called **Expedited Trials.** This program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. All parties and their attorneys are encouraged to use this new program for their civil cases.

The following key elements of the Expedited Trials Program are intended only as an overview. Please consult the rules for a detailed description of the program and the applicable rules and limitations.

**Participation**
- Parties may have a pre-existing agreement.
- Parties may agree to participate after the action is commenced.
- The agreement shall be in writing and attached to the Complaint or filed promptly after agreement is reached.

**Initial Disclosures**
- Served with Complaint and Answer or Counterclaim (pre-existing agreement).
- Made within 5 days of the date of the filing of the Expedited Trials agreement.

**Pretrial Conference**
- Held within 30 days of the date the Complaint is served.
- Upon request, parties may appear by telephone.

**Pretrial Order**
- Issued at the Pretrial Conference.
- Exchange Fed. R. Civ. P. Rule 26 (a) (1) (B) documents within 30 days of the Pretrial Conference.
- All discovery completed within 120 days of the Pretrial Conference.

| | | |
|---|---|---|
| **Discovery and Testimony Limits** | • 10 interrogatories<br>• 5 document requests<br>• 1 expert witness | • 5 requests for admission<br>• 2 depositions |
| **Non-dispositive Motions** | • Parties must apply for permission to file by telephone to the Magistrate Judge.<br>• If permission granted, motion and response are limited to two pages. | |
| **Dispositive Motions** | • Parties must apply for permission to file in writing to the District Judge.<br>• If permission granted, a prompt briefing schedule and memoranda limits will be set by the District Judge. | |
| **Trial Date** | • Called for trial no later than 6 months after the Pretrial Conference.<br>• If consent to trial by Magistrate Judge, the trial will be held on date certain within 120 days of the Pretrial Conference. | |
| **Trial** | • Each side will have eight hours of trial time. | |
| **Judgment** | • Order for Judgment entered within 30 days after the matter is submitted. | |

2